# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

FIRST MERCURY INSURANCE COMPANY,
an Illinois Stock Insurance Corporation,

                Plaintiff,

v.                                          CIVIL ACTION NO.   3:14-15837

KIMES STEEL, INC., d/b/a
KIMES STEEL & RAIL, INC.,
a West Virginia corporation;
JEFFREY RUSSELL; and
ANITA RUSSELL,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Anita Russell and Jeffery Russell's Motion to Dismiss or Stay (ECF No. 13) and Kimes Steel, Inc.'s Motion to Dismiss or Stay (ECF No. 22).  For the reasons set forth below, the Motions are **GRANTED IN PART** and the case is dismissed.

### I.    Statement of Facts

Anita and Jeffery Russell ("the Russells") filed a claim against Kimes Steel, Inc. ("Kimes Steel") in the Circuit Court of Mason County, West Virginia, seeking damages for injuries that Jeffery Russell suffered while working for Kimes Steel.  ECF No. 13; ECF No. 14.  Kimes Steel is insured under two policies issued by First Mercury Insurance Company ("First Mercury").  ECF No. 14.  On May 5, 2014, First Mercury denied coverage to Kimes Steel as to the Russells' claim, stating that "deliberate intention" claims are not covered by the policies it issued to Kimes Steel.  On the same day, First Mercury filed this declaratory judgment action, seeking a declaration that its policies do not provide insurance coverage for Kimes Steel with respect to the

Russells' claim and that it is not obligated to defend or indemnify Kimes Steel with respect to that claim. On May 14, 2014, the Russells filed a motion for leave to amend their complaint in the state action. The Russells added First Mercury as a defendant and amended their complaint to seek a declaration that First Mercury is obligated to provide insurance coverage to Kimes Steel, and to defend and indemnify Kimes Steel, with respect to the Russells' claim. Defendants then moved to dismiss or stay the instant case, arguing that identical issues have been raised in the state action and the entirety of the case should be resolved in state court.

## II.     Legal Standard

It is within the discretion of the district court to determine whether it will decide a declaratory judgment action over which it has jurisdiction. *Motorists Mut. Ins. Co. v. Frazier*, 623 F. Supp. 2d 727, 731 (S.D. W. Va. 2009) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288 (1995). As the Fourth Circuit explained in *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321 (4th Cir.1937), a district court should decide a declaratory judgment action if a judgment will (1) "serve a useful purpose in clarifying and settling the legal relations in issue" and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Quarles*, 92 F.2d at 324. The courts should, however, avoid trying "particular issues without settling the entire controversy" and "interfere[ing] with an action which has already been instituted." *Id.*

In deciding whether to hear a declaratory judgment action, the Fourth Circuit has set out four factors that district courts should consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (2) whether the issues raised in the federal

action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of overlapping issues of fact or law; and (4) whether the declaratory judgment action is being used merely as a device for procedural fencing.

*Motorists Mut.*, 623 F. Supp. 2d at 731 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

### III. Discussion

Turning first to the test set out in *Quarles*, a judgment in this case would "serve a useful purpose" in settling the issue of whether First Mercury must provide insurance coverage to Kimes Steel and defend and indemnify Kimes Steel with respect to the Russells' claim. Plaintiffs seek a declaratory judgment which would directly answer this question. Whether a judgment here would terminate the "controversy giving rise to the proceeding" is a more complex question. As this Court explained in *First Financial Ins. Co. v. Crossroads Lounge, Inc.*, 140 F.Supp.2d 686 (S.D. W. Va. 2001):

> If "controversy" means simply the insurance coverage questions, as framed by the declaratory judgment complaint, then settling those issues in federal, rather than state, court will not result in a piecemeal determination of "the controversy." If, however, "controversy" is read to encompass not only the defense and coverage issues, but also the underlying tort claim, or, more generally, all of the issues that arise from the common nucleus of operative facts, then this case in its current form cannot settle "the entire controversy." . . . [T]his Court adopts a flexible, case-by-case, and party-oriented definition of controversy.

*First Financial*, 140 F. Supp. 2d at 691-92. Here, resolution of the instant matter could resolve the entire controversy between First Mercury and the defendants. If this Court were to find that the insurance policies do not provide coverage, no dispute would remain between First Mercury and the other parties. If, however, this Court were to find that the insurance policies do provide coverage, other issues between the three parties would remain to be adjudicated in state court. The *Quarles* test thus weighs in favor of abstention in order to avoid piecemeal litigation.

Looking next to test set out in *Nautilus*, the Court will examine each of the four factors in turn. First, the Court must consider the state of West Virginia's interest in having the issue in this case decided in state court. *See Nautilus*, 15 F.3d at 377. Here, the issue of insurance coverage is a matter of state law. States generally have an interest in interpreting their own laws. This interest, however, "is diminished if the state-law issues are not novel, unsettled, difficult, complex, or otherwise problematic." *First Financial*, 140 F. Supp. 2d at 695. The question of law here involves interpretation of two insurance policies issued by First Mercury. ECF No. 14. As this Court noted in *First Financial*, West Virginia Courts "have provided sufficient guidance" in the "areas of contract interpretation and of the applicability of insurance policy exclusions" to permit federal courts to interpret insurance policies in accordance with West Virginia law. Thus, the issue presented here is not unsettled or problematic and West Virginia has only a marginal interest in deciding it in state court. As such, the first *Nautilus* factor ways neither in favor of, nor against, abstention.

The second factor the Court must consider is efficiency. *See Nautilus*, 15 F.3d at 377. In general, efficiency and judicial economy are best promoted by "having all litigation stemming from a single controversy resolved in a single court system." *See Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir.1992). As this Court explained in *Motorists Mutual*, where all parties and controversies at issue in the federal case are also present in the state case, the efficiency factor "tilts in the favor of dismissing the action" and resolving all issues in the state court system. *Motorists Mut.*, 623 F. Supp. 2d at 733. The plaintiff and defendants in the instant case are all parties in the state court proceeding. ECF No. 13. Furthermore, the issue presented in this case is identical to the one raised by the Russells in their amended complaint in the state court case. ECF No. 13.

Accordingly, this factor weighs in favor of dismissal so that all issues may be resolved in one court system.

The third *Nautilus* factor asks whether issuing a judgment in the federal case would unnecessarily entangle state and federal court systems due to overlapping issues of law or fact. *See Nautilus*, 15 F.3d at 377. The Court in *Mitcheson* explained:

> In many declaratory actions brought to resolve a duty to defend or indemnify an insured in a controversy already the subject of state court litigation, there will be overlapping issues of fact or law between the state and federal actions. . . . The insured may well be collaterally estopped from relitigating the overlapping issues decided in the federal action. Such issue preclusion will likely "frustrate the orderly progress" of state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution.

*Mitcheson*, 955 F.2d at 239 (quoting *Phoenix Ins. Co. v. Harby Marina, Inc.*, 294 F. Supp. 663, 664 (N.D. Fla. 1969)) (internal citations omitted). Here, the declaratory relief sought in the federal case is identical to that sought in the state case. ECF No. 13. If this Court were to adjudicate the claim, it could create a "race between the two courts to see which tribunal resolves the issues first, thereby achieving claim preclusive effect." *First Mercury Ins. Co. v. Earleigh Heights Volunteer Fire Co. of Anne Arundel Cnty.*, No. ELH–14–3156, 2014 WL 7336667, at *8 (D. Md. Dec. 19, 2014). Furthermore, if this Court were to issue a judgment first, the defendants would likely be precluded from relitigating the issue in state court, which could complicate the state proceeding. Thus, this factor weighs in favor of abstention and dismissal of the case.

Finally, the Court must determine whether the federal action is being used as a device for "procedural fencing" or forum-shopping. *See Nautilus*, 15 F.3d at 377. In *Motorists Mutual*, this Court noted that the plaintiff in the federal case had waited over a month between denying coverage to the defendants and instituting its declaratory judgment action. Furthermore, the

initial state court claims could not have been brought in federal court. The Court thus found that the plaintiffs may have engaged in forum shopping.

Here, First Mercury denied insurance coverage to Kimes Steel and instituted this action on the same day. ECF No. 14. The complaint in this case was filed after the Russells instituted their state action, but before they amended their complaint to include declaratory relief against First Mercury. ECF No. 14. Although the state court case against Kimes Steel could not have initially been filed in federal court, nothing indicates that First Mercury filed the instant suit as a forum-shopping device. Thus, this factor does not counsel in favor of, or against, abstention.

On balance, consideration of the factors set out in *Quarles* and *Nautilus* weighs in favor of abstention in this action. The goals of efficiency, judicial economy, and comity will be best served by keeping the entire controversy in one court system. Accordingly, the Court **GRANTS** Defendants' motions to dismiss.

## Conclusion

For the foregoing reasons, Anita Russell and Jeffery Russell's Motion to Dismiss or Stay (ECF No. 13) and Kimes Steel, Inc.'s Motion to Dismiss or Stay (ECF No. 22) are **GRANTED IN PART** and the case is **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 28, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE